# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| V. | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: 05-178 |
| **KWAME FRIMPONG** | David Bos, Esquire |
| | Defendant's Attorney |

FILED
JAN 18 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**THE DEFENDANT:**

Pleaded guilty to count one on 10/20/05.

Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title and Section | Nature of Offense | Date Offense Concluded | Count(s) |
|---|---|---|---|
| 21 USC 841(a)(1) and 841(b)(1)(C) | Unlawful Possession With Intent to Distribute MDMA | April 18, 2005 | One |

As pronounced on 1/3/06, the defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this the 18 day of January, 2006.

The Honorable Rosemary M. Collyer

Defendant's Soc. Sec. No.: XXX-XX-8854
Defendant's Date of Birth: XX-XX-72
Defendant's USM No.: 28061-016



Defendant: KWAME FRIMPONG                                              Judgment - Page 2 of 4
Case Number: 05-178

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 18 months on count one of the indictment with credit for time already served.

The Court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be housed at Allenwood FCI in White Deer, PA..

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

_____
United States Marshal

By: _____
    Deputy Marshal

Defendant: KWAME FRIMPONG                                                                 Judgment - Page 3 of 4
Case Number: 05-178

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three years on count one.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. The defendant shall report in person to the Probation Office in the district to which the defendant is released as soon as possible, but in no event later than 72 hours of release from the custody of the Bureau of Prisons.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

1. You will not leave the judicial district without permission of the Court or probation officer.
2. You will report to the probation officer and submit a truthful and complete written report within the first five days of each month.
3. You will answer truthfully all inquiries by the probation officer, and follow the instructions of the probation officer.
4. You will support your dependents and meet other family responsibilities, to include complying with any court order or order of administrative process requiring the payment of child support.
5. You will work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. You will notify the probation officer at least ten days prior to any change of residence or employment.
7. You will not frequent places where controlled substances are illegally sold, or administered; you shall refrain from excessive use of alcohol and will not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to such substances, except as prescribed by a physician.
8. You will not associate with any persons engaged in criminal activity, and will not associate with any person convicted of a crime unless granted permission to do so by the probation officer.
9. You will permit a probation officer to visit at any time at your home, employment or elsewhere and will permit confiscation of any contraband observed in plain view by the probation officer.
10. You will notify the probation officer within seventy-two hours of being arrested, questioned, or upon having any contact with a law enforcement officer.
11. You will not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.
12. As directed by the probation officer, you will notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm your compliance with such notification requirements.
13. You will not possess a firearm, destructive device, or other dangerous weapon.

## ADDITIONAL CONDITIONS:

Pursuant to 42 U.S.C. section 14135a, for all felony offenses, the defendant shall submit to the collection and use of DNA identification information while incarcerated in the Bureau of Prisons, or at the direction of the United States Probation Office.

The defendant shall comply with the Bureau of immigration and Customs enforcement's immigration process. If deported, the defendant shall not re-enter the United States without legal authorization during the period of supervision. Should the defendant receive permission to return to the United States, he shall report to the U.S. Probation Office in the area where he intends to reside within 72 hours of his return.

The Probation Office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court. Treatment agencies shall return the presentence report to the Probation Office upon the defendant's completion or termination from treatment.

The defendant has the right to appeal the sentence imposed by this Court. If the defendant chooses to appeal, the defendant must do so within 10 days after the Court has entered judgement in this case. If the defendant is unable to afford the cost of an appeal, the defendant may request permission from the Court to file an appeal in forma pauperis - that is, without any cost to him.

Defendant: KWAME FRIMPONG                                                                 Judgment - Page 4 of 4
Case Number: 05-178

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties; payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine; (4) cost of prosecution; (5) interest; (6) penalties.

| ASSESSMENT | RESTITUTION | FINE |
|---|---|---|
| $100.00 | $0.00 | $0.00 |

### ASSESSMENT

It is ordered that the defendant shall pay to the Clerk of the Court for the US District Court, District of Columbia a special assessment of $100.00 for count one, which shall be due immediately.

### FINE

The Court finds that the defendant does not have the ability to pay a fine and, therefore, waives imposition of a fine in this case

If the fine and/or restitution is not paid, the Court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614. Pursuant to 18 U.S.C. §§ 3572(d)(3) and 3664(k), the defendant shall notify the Court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution. As set out in 18 U.S.C. § 3664(n), if the defendant receives substantial resources from any source, including inheritance, settlement, or other judgment, during the period of incarceration, the defendant shall apply the value of such resources to any restitution or fine still owed.

All criminal monetary penalty payments are to be made to the United States District Court Clerk, 333 Constitution Ave., N.W., Rm. 1825, Washington, D.C. 20001, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KWAME FRIMPONG )<br>)<br>Defendant. )<br>) | Criminal Action No. 05-178 (RMC)<br><br>FILED<br>JAN 18 2006<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

SENTENCING MEMORANDUM

Kwame Frimpong pled guilty to one count of unlawful possession with intent to distribute MDMA (Ecstasy) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). He came before the Court for sentencing on January 3, 2006. The Court imposed a sentence that is less than the sentence recommended by the U.S. Sentencing Guidelines and explains its rationale in this memorandum.

Mr. Frimpong was at Union Station in Washington, D.C., on April 18, 2005, when he was approached by agents of the Drug Enforcement Agency ("DEA") who asked about the ownership of a nearby bag. When Mr. Frimpong identified the bag as his, the agents obtained his consent to search it. They found approximately 2000 brown methylenedioxmethamphetamine ("MDMA") (Ecstasy) pills, for which he was arrested. Mr. Frimpong admitted his guilt and provided telephone contact numbers for the supplier in the north and the purchaser in the south. The United States agrees with defense counsel that Mr. Frimpong's role was merely to transport the drugs and that there is no evidence that he played any larger role in the criminal transaction.

Mr. Frimpong admitted to possessing 348 grams of MDMA. According to the drug conversion table at U.S.S.G. 2D1.1, 1 gram of 3,4 MDMA equals 500 grams of marijuana; the equivalency of the MDMA is, therefore, 174 grams of marijuana, resulting in a base offense level of 26. Mr. Frimpong meets the criteria of U.S.S.G. § 5C1.2 and the offense level was decreased by two levels. Mr. Frimpong admitted his responsibility immediately and, on the Government's motion, earned a three-level decrease for acceptance of responsibility. Finally, the Court also determined that Mr. Frimpong is entitled to a three-level reduction pursuant to 3B1.2(a), commentary note 3a, in mitigation for his minimum participation as a "mule" and his efforts to provide leads to his contacts.[1] As a result, the offense level for his crime is 18 and his criminal history is in category one. Under the Sentencing Guidelines, the range of his sentence is 27 to 33 months.

Mr. Frimpong tried to cooperate with law enforcement as much as his limited scope of information allowed. He immediately acknowledged his guilt and gave a full statement to the Drug Enforcement Agency ("DEA") officer who apprehended him. Mr. Frimpong is an illegal alien and will be deported after he serves his sentence; upon his release by the Bureau of Prisons, he will be detained by the Bureau of Immigration and Customs Enforcement ("BICE"). As a non-citizen, he will not be eligible for release to a halfway house for the last six months of his sentence. He asks for a reduction in his sentence of six months under *United States v. Smith*.[2] Finally, for reasons no one can explain or seem to correct, he has been held in administrative segregation in the D.C. Jail

---

[1] The Presentence Report disagrees that Mr. Frimpong should receive this last three-level reduction but the Probation Office changed its position at the sentencing hearing based upon additional facts to which the United States and defendant agreed and which were not previously shared with the presentence report writer.

[2] The Government and the Probation Office agree that this adjustment is appropriate here.

since May 2005, described as a "hole" by his counsel. For these reasons, Mr. Frimpong's counsel urged the Court to sentence him to 14 months with credit for ten months of time served.

Under 18 U.S.C. § 3553, the Court is to determine what the Guideline Sentence is and then consider the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, the need to promote respect for law, and just punishment. To begin with, the Court agrees that Mr. Frimpong should have his sentence reduced by six months under *United States v. Smith* because he will be ineligible for early release to a halfway house. That reduces his sentencing range to 21 - 27 months. As far as federal drug prosecutions go, the nature and circumstances of Mr. Frimpong's offense are relatively minor. While not unimportant as part of the drug scourge in this country, Mr. Frimpong's offense is less serious than most others before the Court and he made immediate efforts to cooperate and inform the DEA of all information to which he was privy. His history and characteristics are that he has been a law abiding person before this offense. These factors all suggest a lesser sentence. A sentence to instill respect for law has already begun as a result of the ten months Mr. Frimpong has spent in administrative isolation. The public will be protected from further crimes by Mr. Frimpong because he will be incarcerated and then detained by BICE until he is deported as an illegal alien. These factors also suggest a lesser sentence.

The Court does not consider Mr. Frimpong's future detention by BICE as a factor in his sentencing here because that detention is based on different conduct that does not pertain to his crime before the Court.

Upon consideration of the relevant factors, the Court determined that an 18-month sentence, with credit for the ten months already served, was the appropriate sentence, with a three-

-3-

year period of supervised release should Mr. Frimpong be allowed to enter this country legally. *United States v. Booker*, 125 S. Ct. 738 (2005). All factors indicated that Mr. Frimpong should receive a lesser sentence. Indeed, the Government suggested that the sentencing range at offense level 17 (24-30 months, minus six under *United States v. Smith*) rather than at offense level 18 (27-33 months) would be more appropriate. The Court agreed. Because the Court found that Mr. Frimpong had no assets, it levied no fine. Mr. Frimpong was ordered to pay the $100.00 special assessment.

DATE:  January 18, 2006                         /s/
                                                ROSEMARY M. COLLYER
                                                United States District Judge